UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA and DIANA DINO, Revenue Officer, Internal Revenue Service,<br><br>      Petitioners,<br><br>  v.<br><br>LINDA P. SHADLEY,<br><br>      Respondent.<br>_____/ | NO. 2:09-MC-80 WBS GGH<br><br><u>ORDER</u> |

----oo0oo----

On May 26, 2010, respondent Linda P. Shadley filed a motion to proceed in forma pauperis and a motion for appointment of counsel to assist her while appearing before the Internal Revenue Service ("IRS") to comply with the court's May 11, 2010 Order enforcing the IRS's April 29, 2009 summons of respondent. (Docket Nos. 25, 26.)

"[T]he privilege of proceeding in forma pauperis is a

1

matter within the discretion of the trial court . . . ." <u>Weller v. Dickson</u>, 314 F.2d 598, 600 (9th Cir. 1963). Respondent's request to proceed <u>in forma pauperis</u> is incomplete. The request does not list respondent's last place of employment, her dates of employment, or the respondent's earnings per month when last employed, as requested by the court. Respondent also indicates that she owns property with a value of $5,000, but did not describe such property. As respondent has failed to adequately document her financial status at this time, the court will accordingly deny respondent's request to proceed <u>in forma pauperis</u>. See <u>Mowry v. Dept. of Corrections</u>, No. Civ. 10-114 PHX RCB, 2010 WL 2228542, at *1 (D. Ariz. June 1, 2010) (denying a request to proceed <u>in forma pauperis</u> for failure adequately fill out the entirety of a court supplied form).

Respondent additionally requests that the court appoint her counsel to represent her interests in responding to the IRS's summons of her tax information.[1] The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." "It is firmly established that the right to counsel attaches only at or after the 'initiation of adversary judicial proceedings.'" <u>Tornay v. United States</u>, 840 F.2d 1424, 1429 (9th Cir. 1988) (internal citations omitted). There have been no criminal proceedings instituted against respondent. Respondent's response

---

[1] At the court's May 10, 2010 hearing on the court's Order to Show Cause why respondent ought not be held in contempt for failure to comply with the court's previous Orders enforcing the IRS summons, respondent indicated that she would find an attorney to represent her. Respondent did not mention at that time that she would be unable to afford counsel.

2

to an IRS summons is not a criminal judicial proceeding, nor is the court's enforcement of said summons.  See United States v. Standifird, No. Civ. 06-2055 PHX RCB, 2006 WL 3201027, at *4 (D. Ariz. Nov. 3, 2006) (noting that in a motion to enforce an IRS summons the "'[a]uthority of the court [is] sought to buttress the procedure for collection of taxes and not in "vindication of the public justice," as in criminal cases.'" (quoting McCrone v. United States, 307 U.S. 61, 64-65 (1939))).  In certain types of civil cases, the court is authorized or required to appoint counsel for indigent parties; this, however, is not one of those cases.  Accordingly, respondent is not entitled to appointed counsel to respond to the IRS's summons.

IT IS THEREFORE ORDERED that respondent's motions to proceed in forma pauperis and for court appointed counsel be, and the same hereby are, DENIED.

DATED:  June 17, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE