```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                           ----oo0oo----


UNITED STATES OF AMERICA and          NO. 2:09-MC-00080 WBS GGH
DIANA DINO, Revenue Officer,
Internal Revenue Service,
                                      MEMORANDUM AND ORDER RE:
         Petitioners,                 PETITION TO HOLD IN CONTEMPT

    v.

LINDA P. SHADLEY,

         Respondent.
                                   /

                           ----oo0oo----
```

On February 24, 2010, the court issued an Order requiring respondent Linda P. Shadley to appear before Internal Revenue Service ("IRS") Officer Charles Duff on a date to be set by Duff and produce all testimony, books, and records demanded by the April 29, 2009 IRS summons. (Docket No. 14) After respondent failed to comply, the court issued another Order on May 13, 2010 requiring respondent to appear at the office of IRS

Officer Duff on June 3, 2010 to comply with the IRS summons. (Docket No. 24.)  Respondent again failed to comply with the summons.  Presently before the court is petitioners United States of America and IRS Officer Diana Dino's[1] petition to hold respondent in contempt for failure to comply with the court's February 24, 2010 and May 13, 2010 Orders.

I.   Factual and Procedural Background

On August 31, 2009, petitioners filed a petition to enforce an IRS summons issued to respondent which ordered her to testify and produce documents related to her individual tax liabilities for years 2001-2002, and 2004-2008.  (Docket No. 1.) Magistrate Judge Gregory G. Hollows held a hearing on this petition on October 15, 2009, at which respondent appeared. (Docket No. 6.)  Respondent indicated her willingness to comply with the summons, and accordingly Judge Hollows ordered respondent to appear before Officer Duff on November 3, 2009 at 1:00 p.m.  (Docket No. 7.)  Respondent appeared for the appointment but failed to bring any of the paperwork required by the summons or to answer all of Officer Duff's questions until she consulted an attorney.  (Docket No. 11. at 2.)

On December 7, 2009 Judge Hollows directed the government to file ans serve declarations outlining how respondent failed to comply with the summons.  (Docket No. 9.) After receiving the declaration of IRS Officer Duff, Judge Hollows issued his findings and recommendations on February 1, 2010, recommending that the summons be enforced and that

---

[1]   IRS Officer Dino was substituted for IRS Officer Duff in this action on June 15, 2010.  (Docket No. 27.)

2

1 respondent be ordered to appear before Officer Duff at a date and
2 time to be set in writing by IRS Officer Duff.  (Docket No. 12.)
3 This court then adopted those findings and recommendations on
4 February 24, 2010.  (Docket No. 14.)
5          On February 26, 2010, IRS Officer Duff wrote the
6 respondent, setting the summons compliance date for March 23,
7 2010 at 1:30 p.m. in the Sacramento IRS Office.  (Duff Decl.
8 (Docket No. 15 Ex. 1) ¶ 3.)  Respondent appeared before RIS
9 Officer Duff but failed to provide any documents as required.
10 (Id. ¶ 4.)  On April 5, 2010, petitioners filed a petition
11 requesting that respondent be held in civil contempt for failure
12 to comply with the court's February 24, 2010 Order directing
13 respondent to comply with the Internal Revenue Service Summons
14 issued to her on April 29, 2009.  (Docket No. 15.)  On April 7,
15 2010, the court issued an Order to Show Cause why respondent
16 ought not be held in contempt.  (Docket No. 17.)
17          On May 10, 2010, respondent appeared before the court
18 in response to the court's Order to Show Cause.  After the court
19 explained the requirements of the Summons to respondent, she
20 indicated her willingness to fully comply with the Summons after
21 being afforded an opportunity to gather tax documents and consult
22 with an attorney.  (Docket No. 20.)  On May 13, 2010, the court
23 accordingly issued an Order requiring respondent to appear at the
24 office of IRS Officer Duff on June 3, 2010 at 9:00 a.m. and
25 comply with the IRS summons issued on April 29, 2009.  (Docket
26 No. 24.)
27          On June 3, 2010, respondent appeared before IRS
28 Officers Duff and Dino, but refused to provide any documents or

1  testimony to the officers.  (Duff Decl. B (Docket No. 28) ¶ 9;
2  Dino Decl. ¶¶ 4-5.)  Petitioners filed a renewed petition for
3  contempt on June 15, 2010.  (Docket No. 28.)  On June 18, 2010,
4  the court again issued an Order to Show Cause why respondent
5  ought not be held in contempt.  (Docket No. 32.)

6    At the hearing on petitioners' motion on July 19, 2010,
7  respondent filed a response to the court's Order to Show Cause,
8  asserting that her refusal to testify and produce documents in
9  accordance with the summons was justified by the Fifth
10 Amendment's privilege against self-incrimination.  The court held
11 an additional hearing on July 20, 2010, in which it reviewed the
12 documents requested by the IRS's summons and questioned
13 respondent in camera to evaluate respondent's Fifth Amendment
14 claim.

15 II. <u>Discussion</u>

16   "A claim of Fifth Amendment privilege may be asserted
17 if there are 'substantial hazards of self-incrimination that are
18 real and appreciable, not merely imaginary and unsubstantial,'
19 that information sought in an IRS summons might be used to
20 establish criminal liability."  <u>United States v. Bright</u>, 596 F.2d
21 683, 690-91 (9th Cir. 2010) (internal citations omitted).  "The
22 privilege is not limited to oral questioning; an individual may
23 refuse to provide documents to an investigative body if the act
24 of production would be testimonial."  <u>Id.</u>  The act of producing
25 documents in response to an IRS subpoena is not testimonial when
26 "[t]he existence and location of the papers are a foregone
27 conclusion and the taxpayer adds little or nothing to the sum
28 total of the Government's information by conceding that he in

4

fact has the papers." Id. at 692 (citing Fisher v. United States, 425 U.S. 391, 410 (1976)). "For this foregone conclusion exception to apply, the government must establish its independent knowledge of three elements: the documents' existence, the documents' authenticity and respondent's possession or control of the documents." Id.

After reviewing the documents in respondent's possession and questioning her in camera, the court finds that production of these documents by respondent would be testimonial. The government is admittedly in possession of respondent's bank records. However, petitioners have not shown that they were aware of the existence or contents of respondent's checkbook deposit slips or the authenticity of those slips. Accordingly, production of the documents in respondent's possession fails to meet the foregone conclusion exception and would be testimonial.

Respondent faces a real and substantial hazard of self-incrimination if she were to comply with the IRS's summons, and accordingly respondent's claim of privilege under the Fifth Amendment is valid. The government is aware that respondent failed to file tax returns in the years 2001-2002 and 2004-2008. Any testimony by respondent, either by questioning or production of documents, indicating that she received income in any amount during those tax years could therefore be used to prove that she was required to file a tax return and thereby subject respondent to criminal liability for failure to file a tax return in violation of 26 U.S.C. § 7203. See United States v. Rendahl, 746 F.2d 553, 555-56 (9th Cir. 1984).

For the foregoing reasons, the court will not hold

5

respondent in contempt, since her refusal to testify or produce the documents requested in the IRS summons is validly asserted under the Fifth Amendment.

IT IS THEREFORE ORDERED that petitioners' petition to hold respondent in contempt be, and the same hereby is, DENIED.

Petitioners are given twenty-one (21) days to request reconsideration of this Order.

DATED:  July 20, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE